UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH ANN PAKENAS, Guardian
of PATTI ROGERS, a legally incapacitated
individual,

    Plaintiff,

v.

Case No. 13-10549
Hon. John Corbett O'Meara

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR RECONSIDERATION

Before the court is Plaintiff's motion for reconsideration of the court's August 21, 2014 order, which dismissed this case with prejudice and permitted Defendant to seek fees and costs. Based upon the history of this case, as discussed below, the court concludes that reconsideration is not warranted.

Plaintiff, Elizabeth Pakenas, filed a suit to recover no-fault benefits from Defendant State Farm in 2005. Specifically, Plaintiff was seeking attendant care benefits on behalf of her sister, Patti Rogers. Rogers was in an automobile accident in 1976, which left her with various medical problems. After a two-week trial in March 2009, the court granted a directed verdict in favor of Defendant.

Although Plaintiff sought reimbursement for 24/7 attendant care, the evidence made clear that 24/7 care was not provided or needed. Finding that Plaintiff's claim was "in some respect fraudulent or so excessive as to have no reasonable foundation," the court granted Defendant's motion for attorney's fees, in the amount of $212,380. The Sixth Circuit affirmed the directed verdict and the attorney's fees award on June 15, 2012.

On January 31, 2013, Plaintiff filed a new complaint against Defendant in Wayne County Circuit Court, which was removed to this court on February 8, 2013. In the complaint, Plaintiff sought no-fault benefits, arising out of her 1976 accident, for the time period from March 1, 2009, until the time the complaint was filed. These benefits include attendant care services, "including on call attendant care," medical benefits, nursing care, accommodations, transportation, and case management services. Compl. at ¶ 16.

On February 14, 2013, Defendant sent a letter to Plaintiff's counsel pursuant to Fed. R. Civ. P. 11, contending that Plaintiff's complaint lacked evidentiary and legal support. Among other things, Defendant stated that "[n]o documentation has been submitted to State Farm regarding any claimed attendant care or medical treatment since the date of the directed verdict against your clients and there is no foundation for any claim they are presently making. . . . Your client has not

-2-

submitted any of her expenses other than an occasional pharmacy bill for drugs that do not appear to be related to the accident." Def.'s Ex. 2. Defendant suggested that Plaintiff dismiss her complaint and warned of its intention to seek Rule 11 sanctions.

In response, Plaintiff's counsel wrote: "[My understanding was that Mrs. Pakenas was still submitting claims to State Farm for attendant care PIP benefits. Apparently she has stopped doing this without my knowledge. . . . Although I believe it is not necessary, I have contacted Ann Pakenas and told her to prepare 365 days of attendant care claims for the year immediately prior to the filing of our current Complaint and I will submit them to you ASAP." Def.'s Ex. 3. Despite this, Plaintiff did not submit claims to State Farm for attendant care benefits.

On July 25, 2013, Defendant served a copy of its motion for sanctions on Plaintiff, in accordance with Fed. R. Civ. P. 11(c)(2). Plaintiff filed a motion to amend her complaint on February 23, 2014. The proposed amended complaint stated that State Farm was aware of the nature of Plaintiff's claims, due to the previous litigation between the parties and proofs of claim that have been submitted over the past twelve years, which "are virtually identical." Amended Compl. at ¶¶ 10-12 (Docket No. 9). It is perplexing that Plaintiff would choose to rely upon previous proofs of claim, which this court has found to be insufficient.

Essentially, Plaintiff appears to contend that she is not required to submit a formal proof of claim as a result of the past dealings between the parties.

Defendant opposed Plaintiff's motion to amend her complaint on futility grounds, relying in part on deposition testimony provided by Patti Rogers's husband, John Rogers. John Rogers testified that he did not know what his hourly rate for attendant care was and that he had no idea how many hours he was claiming for attendant care. Rogers Dep. at 26-27. Plaintiff withdrew the motion to amend on April 2, 2014, shortly after she filed the motion to voluntarily dismiss this action.

Defendant sought sanctions pursuant to Fed. R. Civ. P. 11, based upon the lack of factual or legal support for Plaintiff's complaint. Plaintiff filed this case seeking attendant care benefits, without filing a proof of claim or providing any documentation whatsoever that attendant care was actually provided. Under similar circumstances, in previous litigation, this court entered a directed verdict and awarded sanctions in excess of $200,000. The court explained: "Given the evidence, the jury had no reasonable basis to award 24-hour-per-day attendant care and no reasonable basis to estimate how much care, if any, was actually provided." Case No. 05-60152, Docket No. 142 at 3. Plaintiff's latest complaint similarly lacks factual support; indeed, John Rogers admitted that he does not keep records

of the attendant care provided to Patti Rogers. Plaintiff's attempt to voluntarily dismiss – more than a year after the complaint was filed and after Defendant warned of its intent to seek sanctions, comes too late to absolve her and her counsel. For these reasons, the court finds that sanctions are appropriate and declines to reconsider the issue.

Plaintiff requests that the court's August 21, 2014 order be amended to state that it "does not preclude any claims that Patti Rogers may have against Defendant for No-Fault Benefits incurred after August 21, 2014." Such an amendment is unnecessary. The complaint in this matter sought benefits from 2009 to 2013, not future benefits; the dismissal with prejudice does not contemplate matters outside the complaint. The court cautions Plaintiff and her counsel, however, that the repeated filing of unsubstantiated claims will not be tolerated.

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date: September 10, 2014

   I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 10, 2014, using the ECF system.

             <u>s/William Barkholz</u>
             Case Manager